# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY HAMMOND MURPHY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:19-cv-239-SPB |
| ) | |
| **BOB COCHRAN MOTORS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM ORDER

Plaintiff Anthony Hammond Murphy, who is legally blind, filed this civil action against Defendant Bob Cochran Motors, Inc., an automobile dealership, for alleged disability discrimination. The case was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation ("R&R") in accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1), and the local rules of this Court.

On December 4, 2019, Plaintiff filed his Amended Complaint, which is the operative pleading in the case. ECF No. 25. The gravamen of Plaintiff's Amended Complaint is that Defendant's internet websites are not properly accessible to the visually impaired, in violation of the Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq. Plaintiff's Amended Complaint sets forth a single claim under the ADA.

Thereafter, Defendant filed a motion to dismiss the Amended Complaint, ECF No. 26, which remains pending before the Court. Defendant argued four bases for dismissal, namely, that: (1) the ADA's protections do not apply because websites are not "places of public accommodation" for purposes of Title III of the ADA; (2) Plaintiff lacks standing to advance his claims in this case; (3) imposing liability and awarding injunctive relief and attorneys' fees in the

1

absence of governmental standards would infringe on the primary jurisdiction of the U.S. Department of Justice; and (4) such an award would violate the Defendant's due process rights.

On August 4, 2020, Judge Lanzillo filed an R&R recommending that Defendant's motion to dismiss be denied. ECF No. 33. With respect to Defendant's jurisdictional challenge, Judge Lanzillo opined that Plaintiff was able to establish standing under the "intent to return" theory, the "deterrent effect" doctrine, and/or the "tester" theory. See ECF No. 33 at 8-12.

With regard to the Defendant's substantive pleading challenge, Judge Lanzillo acknowledged two lines of cases concerning the question whether Title III's reference to places of "public accommodation" is limited to physical places.  Relevantly, he observed that:

> The majority of federal courts-those within the Third, Sixth, Ninth, and Eleventh Circuits-have held that places of public accommodation must be physical places. *Ford v. Schering-Plough Corp.,* 145 F.3d 601, 614 (3d Cit. 1998) ("The plain meaning of Title III is that a public accommodation is a place...."); *Peoples v. Discover Fin. Servs., Inc.,* 387 Fed. Appx 179, 183 (3d Cit. 2010) ("Our court is among those that have taken the position that the term ['public accommodation'] is limited to physical accommodations."); *Gil v. Winn-Dixie Stores, Inc.,* 257 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017); *Haynes v. Dunkin' Donuts I.LC,* 2018 WL 3634720, at *2 (11th Cit. July 31, 2018); *Weyer v. Twentieth Century Fox Film Corp.,* 198 F.3d 1104, 1114 (9th Cir. 2000); *Earll v. eBay, Inc.,* 599 Fed. Appx 695, 696 (9th Cit. 2015); *Parker v. Metro. Life Ins. Co.,* 121 F.3d 1006, 1010 (6th Cit. 1997). These courts note that all entities enumerated as examples of public accommodations in 42 U.S.C. § 12181(7) refer to physical places. *See Ford,* 145 F.3d at 612 (noting that requiring a physical location "is in keeping with the host of examples of public accommodations provided by the ADA, all of which refer to places"). It should be noted, however, that neither *Ford* nor *Peoples* involved issues of website accessibility. Indeed, the Third Circuit has not specifically addressed whether a website, either standing alone or in association with a physical location, can be considered a public accommodation under the ADA. The Third Circuit has held, however, that a good or service provided by a public accommodation can be covered by the ADA, provided there is "some nexus between the services or privileges denied and the physical place...." *Menkowitz v. Pottstown Mem'l Med. Ctr.,* 154 F.3d 113, 122 (3d Cit. 1998).
>
> In contrast, courts within the First, Second, and Seventh Circuits have found that a website can be a place of public accommodation independent of any connection to a physical space. *See Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc.,* 37 F.3d 12, 19 (1st Cit. 1994); *Nat'l Ass'n of the Deaf v. Netflix, Inc.,* 869 F. Supp. 2d 196, 200 (D. Mass. 2012); *Nat'l Fed'n of the Blind v. Scribd Inc.,* 97 F. Supp. 3d 565, 576 (D. Vt. 2015); *Andrews v. Blick Art Materials, LLC,* 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017); *Morgan v. Joint Admin. Bd., Ret. Plan of Pillsbury Co. & Am. Fed'n of Grain Millers,*

>*AFL-CIO-CLC,* 268 F.3d 456, 459 (7th Cit. 2001); *Doe v. Mut. of Omaha Ins. Co.,* 179 F.3d 557, 558 (7th Cit. 1999).
>
>Clouding the picture even further, district courts within the Third Circuit have adopted different approaches to this issue. Decisions from this District have distinguished the Court of Appeals' opinions in *Ford* and *Peoples, supra.* In *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.,* the Honorable Arthur J. Schwab acknowledged the *Ford* and *Peoples* decisions but held a bank's website to be a place of public accommodation for purposes of an ADA claim, nonetheless. Judge Schwab reasoned that in both *Ford* and *Peoples,* the alleged discrimination took place "at a location where neither the insurance carrier in *Ford,* nor the credit card company in *Peoples,* had ownership or possession, or exercised control." *Id.* at 918. The Court thus reasoned that because the alleged discrimination in *Gniewkowski* took place on property the defendant owned and operated (namely their website), *Ford* and *Peoples* did not apply. *Id. Gniewkowski* and other cases in this District have thus declined to use the nexus approach outlined by the Court of Appeals when it is alleged that the defendant owns and operates its website. *See, e.g., West v. DocuSign, Inc.,* 2019 WL 38443054 (W.D. Pa. August 28, 2019); *Suchenko v. ECCO USA, Inc.,* 2018 WL 3933514, at *3 (W.D. Pa. Aug. 16, 2018).
>
>Opinions from the Eastern District of Pennsylvania, however, have declined to follow the *Gniewkowski* decision. Judges there have concluded that the Court of Appeals' language in *Ford* and *People's* was "unmistakable" and compelled "the conclusion that Defendant's website, on its own, was not a public accommodation." *Mahoney v. Herr Foods Inc.,* 2020 WL 1979153, *3 (E.D. Pa. Apr. 24, 2020). *See also Mahoney v. Bittrex Inc.,* 2020 WL 212010, *2 (ED. Pa. Jan. 14, 2013); *Tawam v. APCI Fed. Credit Union,* 2018 WL 3723367, at *6 (E.D. Pa. Aug. 6, 2018); *Walker v. Sam's Oyster House, LLC,* 2018 4466076, *2 (E.D. Pa. Sept. 18, 2018). These courts use a "nexus test." That is, a business' website -- on its own -- is not a "public accommodation," but may yet be considered such if it bears some nexus "to a physical place or public accommodation." *Mahoney,* 2020 WL 1979153, *3 (citing *Menkowitz v. Pottstown Mem'l Med. Ctr.,* 154 F.3d 113, 120 (3d Cir. 1998)).

ECF No. 33 at 13-15.

Judge Lanzillo concluded that it was ultimately "unnecessary to resolve which of the foregoing analytical frameworks best conforms to the language and intent of the ADA" because "the allegations of Murphy's Amended Complaint state a claim under either."[ ] ECF No. 33 at 15 (footnote omitted). For purposes of the *Gniewkowski* line of cases, the Magistrate Judge found that Plaintiff had adequately alleged that Defendant "'owns, operates, and controls the property [here, the Defendant's websites] through which persons access its services.'" Id. at 16 (quoting *West*, 2019 WL 3843054). Alternatively, however, Judge Lanzillo opined that Plaintiff had pleaded a sufficient nexus between the Defendant's websites and its "physical place of

public accommodation." *Id*. (citing *Mahoney,* 2020 WL 197915333, at *3). Under this second test, Judge Lanzillo explained, Plaintiff needed to allege -- and had adequately alleged -- that the Defendant's websites had some type of connection or "gateway" to a physical, brick-and-mortar place of public accommodation. *Id*. at 17.

Turning to the Defendant's remaining arguments in favor of dismissal, Judge Lanzillo recommended that this Court decline to accept those arguments. After weighing the factors that are relevant in determining whether a court should abstain from deciding a case on "primary jurisdiction" grounds, he concluded that there was an insufficient basis to justify abstention. ECF No. 33 at 19-23. The Magistrate Judge also found Defendant's due process arguments to be misplaced because the provisions of the ADA had given Defendant fair notice about the need for its website to comply with the provisions of the Act, and the Defendant did not have any constitutional right to more specific guidance on how to fulfill its statutory duties. Id. at 23-25.

Pending before the Court are the Defendant's limited objections to the R&R, filed on August 18, 2020. ECF No. 36. As stated therein:

> Cochran objects to that portion of the Report and Recommendation in which the Magistrate Judge follows the approach adopted by other judges in this District, holding a website to be a place of public accommodation under the ADA, rather than following the approach adopted by judges in the U.S. District Court for the Eastern District of Pennsylvania, which have found that Third Circuit precedent does not permit such a holding. See Document 33, Report and Recommendation, at pp. 13-15. Cochran further objects to the Magistrate Judge's finding that Cochran's website has a sufficient "nexus to a physical place" to be deemed a place of public accommodation under the Eastern District's interpretation of Third Circuit precedent.

ECF No. 36 at 1-2. Relying, in particular, on *Walker v. Sam's Oyster House, LLC,* 2018 U.S. Dist. LEXIS 158439 (E.D. Pa. Sept. 18, 2018), Defendant argues that Plaintiff's ADA claims are deficient because Plaintiff has not alleged that he was prevented from visiting Defendant's dealership (i.e., that the dealership was inaccessible to him) due to his inability to access

4

information on the Defendant's website.  See ECF No. 36 at 4-5.  Defendant urges the undersigned to reject Judge Lanzillo's R&R and dismiss the Amended Complaint. *Id*.

On September 1, 2020, Plaintiff filed his response in opposition to Defendant's objections.  ECF No. 37.  Plaintiff argues that the Magistrate Judge's R&R is consistent with the purpose and intent of the ADA as well as with Third Circuit authority.  Plaintiff urges this Court to "reject [the Defendant's] brick-and-mortar argument in all forms," ECF No. 37 at 10; but, in the alternative, he maintains that the facts as pled in the Amended Complaint establish a sufficient nexus between the Defendant's dealership and its websites.[1]

Having fully considered the Defendant's objections in light of the other filings of record, the Court finds itself in agreement with Magistrate Judge Lanzillo's analysis as well as his conclusion that, under either of the standards utilized by the various district courts in the Third Circuit, Plaintiff has alleged a plausible ADA violation.  Moreover, the Court is satisfied that the Magistrate Judge's analysis and conclusions are in accordance with the binding authority of this judicial circuit.

Accordingly, after *de novo* review of the operative complaint and other documents in the case, together with the Report and Recommendation, Defendants' objections, and Plaintiff's response thereto, the following Order is entered:

AND NOW, this 28th day of September, 2020, IT IS ORDERED that Defendant's Motion to Dismiss Amended Complaint, ECF No. [26], shall be, and hereby is, DENIED.

---

[1] Appended to Plaintiff's response is an affidavit from his attorney, Lawrence H. Fisher, in which Mr. Fisher discusses a feature on the Defendant's website, known as "ExpressWay," that allows consumers to purchase cars without going to a dealership.  ECF No. 37-1.  The Court will not consider this affidavit, as it constitutes new material that was not part of the record before the Magistrate Judge and Plaintiff has failed to provide any justification for not presenting the affidavit sooner.  See the undersigned's Practices and Procedures, at Section II(E) ("If new legal authority or evidence is presented in Objections or Responses thereto not previously presented to the Magistrate Judge, a reason for that failure must be given or the new offering will not be considered."), available at https://www.pawd.uscourts.gov/sites/pawd/files/Baxter_PP_2019.pdf.

IT IS FURTHER ORDERED, that the Report and Recommendation of United States Magistrate Judge Richard A. Lanzillo, issued on August 4, 2020, ECF No. [33], shall be, and hereby is, adopted as the Opinion of this Court.  The Defendant's limited objections thereto, ECF No. [36], are overruled.

                                                       SUSAN PARADISE BAXTER
                                                       United States District Judge

cm:    Counsel of Record
        United States Magistrate Judge Richard A. Lanzillo
        (via CM/ECF)